# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-555
December 1, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SABRINA SANTACROCE, on behalf of her minor child, J.R., * * * | |
| Petitioner, * * | |
| v. * * * | Varivax, Prevnar, and hepatitis A vaccines; dystonia musculorum deformans; petitioner's motion for a decision dismissing petition |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | |
| Respondent. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Andrew D. Downing, Phoenix, AZ, for petitioner.
Sarah C. Duncan, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On June 1, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that Varivax, Prevnar, and hepatitis A

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

vaccinations her son J.R. received on March 8, 2013 caused him dystonia musculorum deformans.[2]  Pet. at ¶¶ 2, 4.

On December 1, 2016, petitioner filed a Motion for a Decision Dismissing Petition, stating, "Petitioner recognizes that she will likely be unable to meet her burden of proof as to scientific and medical causation under the record as it exists and/or establish that J.R. is entitled to compensation in the Vaccine Program." Mot. at ¶ 5.  In addition, petitioner states "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." Id. at ¶ 6.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing Petition and **DISMISSES** this case.

## FACTS

J.R. was born on July 1, 2011.

On April 27, 2012, J.R. received Pentacel (DTaP, HiB, and IPV vaccines), Prevnar, and hepatitis B vaccines.  Med. recs. Ex. 9, at 208-09.  Eight days later, on May 5, 2012, J.R. was taken to Palm Bay Hospital Emergency Department.  Med. recs. Ex. 8, at 21.  PA-C Lauren Poulson wrote that according to his mother J.R. was acting weird, making motions as if he were in abdominal pain.  He had been fussy all day.  He had vomited three times.  However, in the emergency department, J.R. was behaving normally.  He had decreased appetite.  He had received his vaccinations the prior week.  Id.

If the April 27, 2012 vaccinations caused J.R.'s dystonia musculorum deformans whose onset was within five days, the three-year statute of limitations would have run in this case since petitioner filed her petitioner more than 36 months post-vaccination.  Then her only recourse would have been to allege that subsequent vaccinations in 2013 significantly aggravated J.R.'s pre-existing dystonia musculorum deformans.  Another issue is how a vaccine could cause a hereditary condition (see n.2 for the definition of "dystonia musculorum deformans").

On March 8, 2013, J.R. received Varivax, Prevnar, and hepatitis A vaccines.  Id. at 151.  Petitioner alleged that later that day J.R. had fever, mouth sores, and abnormal movements.

---

[2] Dystonia musculorum deformans is "a rare hereditary type of generalized dystonia characterized by involuntary, irregular, clonic contortions of the muscles of the trunk and limbs, especially when a person is walking, which twist the body forward and sideways in a grotesque fashion." Dorland's Illustrated Medical Dictionary 583 (32d ed. 2012).

On August 14, 2013, J.R. received DTaP, HiB, and hepatitis B vaccines. Id. at 129. Petitioner alleged that on the same day, J.R. slept three hours and, two days later, had no appetite.

On September 6, 2013, a VAERS form was filed, stating that J.R. had a reaction to his August 14, 2013 vaccinations, consisting of abnormal tongue movements, seizure-like symptoms, such as legs straightening and twisting his arms, and screaming in pain. Med. recs. Ex. 12, at 1.

Neurological examination and a prolonged EEG showed that J.R. does not have a neurological condition, leading to the conclusion that J.R. was normal neurologically, had normal developmental milestones, and did not have seizures. Med. recs. Ex. 7, at 15. J.R. has a history of temper tantrums, and his abnormal movements and crying appeared to be behavioral. Id. at 30. When J.R. had his episodes, he was conscious and verbally responded to petitioner, behavior that was inconsistent with seizure activity. Id. According to petitioner, emotional stimuli frequently triggered J.R.'s episodes. Id. Dr. Christine Bessett stated, "This is likely a psychologic problem and family/patient would likely benefit from a behavioral specialist referral." Id. at 10.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for Varivax, Prevnar, and hepatitis A vaccinations, J.R. would not have had dystonia musculorum deformans, but also that the vaccines were a substantial factor in causing his dystonia musculorum deformans. Shyface v. Sec'y of HHS, 165

3

F.3d 1344, 1352 (Fed. Cir. 1999).  The supposed onset of J.R.'s dystonia musculorum deformans is unclear from the medical records.  The fact that his medical examinations show him to be neurologically normal casts doubt on any assertion that he has a hereditary neurologic condition or seizures.  Moreover, treating doctors diagnose his abnormal behavior to temper tantrums.  The VAERS form asserting seizures does not invalidate J.R.'s medical test results and physical examinations, leading his treating doctors to conclude that he was neurologically normal.

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2006).  The medical records do not support petitioner's allegations.  Petitioner has not filed an expert report in support of her allegations.

## CONCLUSION

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing Petition and **DISMISSES** this case.[3]


**IT IS SO ORDERED.**


December 1, 2016            s/Laura D. Millman
DATE            Laura D. Millman
           Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.