# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-555V
Filed: August 8, 2017
Not for Publication

```
*************************************
SABRINA SANTACROCE, on Behalf of    *
her Minor Child, J.R.,              *
                                    *
            Petitioner,             *
                                    *
v.                                  *   Motion for reconsideration denied
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On July 14, 2017, the undersigned issued a decision denying petitioner's motion for attorneys' fees and costs. The undersigned found that petitioner's counsel had ample time to review J.R.'s medical records and discover that petitioner did not have a reasonable basis to bring a vaccine claim.

On July 17, 2017, petitioner filed a motion for reconsideration of the undersigned's July 14, 2017 decision. Petitioner argues that the undersigned should reconsider her July 14, 2017 decision denying attorneys' fees and costs because she did not properly evaluate several pieces of evidence presented by petitioner. Specifically, petitioner argues the undersigned did not give the proper weight to petitioner's affidavit, the VAERS report, or J.R.'s medical record as a

---

[1] Because this unpublished Order contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

whole, which petitioner argues show that J.R. "experienced abnormal movements, among other symptoms, after his March 8, 2013 vaccines. " Mot. at 3.

Respondent filed a response to petitioner's motion for reconsideration on July 31, 2017. Respondent argues "[p]etitioner has failed to make the requisite showing to warrant reconsideration . . . ." Resp. at 2. Petitioner filed a reply to respondent's response on August 3, 2017. In her reply, petitioner reiterates the same arguments she raised in her Motion for Reconsideration.

This matter is now ripe for adjudication.

### I.    Legal Standard

A party seeking reconsideration must "support the motion by a showing of extraordinary circumstances which justify relief." Fru-Con Constr. Corp v. United States, 44 Fed. Cl. 298, 300 (Fed. Cl. 1999). A motion for reconsideration must be based upon a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." Prati v. United States, 82 Fed. Cl. 373, 376 (Fed. Cl. 2008). Specifically, "the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews v. United States, 73 Fed. Cl. 524, 526 (Fed. Cl. 2006). Where a party seeks reconsideration on the ground of manifest injustice, the party must be mindful that "[m]anifest" means "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (Fed. Cl. 2002). Accordingly, a party cannot prevail on the ground of manifest injustice unless the party demonstrates that the asserted injustice is "apparent to the point of being almost indisputable." Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (Fed. Cl. 2006).

A motion for reconsideration will not be granted if the movant "merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court." Ammex, 52 Fed. Cl. at 557. Nor will a motion for reconsideration be granted if it is "based on evidence that was readily available at the time" the matter was being decided. Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (Fed. Cl. 1996). Finally, an evaluation of a motion for reconsideration is to be "guided by the general understanding 'that, at some point, judicial proceedings must draw to a close and the matter deemed conclusively resolved.'" Northern States Power Co. v. United States, 79 Fed. Cl. 748, 749 (Fed. Cl. 2007) (quoting Withrow v. Williams, 507 U.S. 680, 698 (1993)).

### II.   Discussion

In support of her Motion for Reconsideration, petitioner points to three pieces of evidence which petitioner argues the undersigned did not properly evaluate in reaching the conclusion that her petition was not supported by reasonable basis: her affidavit, the VAERS submission, and J.R.'s medical record as a whole, which petitioner asserts shows that she complained of J.R.

making abnormal movements beginning after the vaccinations at issue. Petitioner's motion does not fulfill any of the three Matthews criteria. 73 Fed. Cl. at 526. Petitioner does not argue that there has been a change in the controlling law, that any previously unavailable evidence has become available, or that the undersigned not reconsidering her decision would constitute manifest injustice. When deciding that petitioner's claim was not supported by reasonable basis, the undersigned considered the case records as a whole, and therefore considered all of the pieces of evidence raised by petitioner in her Motion for Reconsideration. As in the Ammex case, petitioner is reasserting arguments that she already made and asking the undersigned to consider evidence that the undersigned already considered. 52 Fed. Cl. at 557. Therefore, it is not appropriate for the undersigned to grant petitioner's Motion for Reconsideration.

For the foregoing reasons, the undersigned **DENIES** petitioner's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: August 8, 2017                                              /s/ Laura D. Millman
                                                                               Laura D. Millman
                                                                               Special Master