# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-555V
Filed: February 8, 2018
Not for Publication

```
*************************************
SABRINA SANTACROCE, on Behalf of    *
her Minor Child, J.R.,              *
                                    *
          Petitioner,               *
                                    *
v.                                  *     Attorneys' fees and costs decision
                                    *     on remand
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
          Respondent.               *
                                    *
*************************************
```

Andrew D. Downing, Phoenix, AZ, for petitioner.
Sarah C. Duncan, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION ON REMAND[1]

On June 1, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that her son's receipt of Varivax, Prevnar, and hepatitis A vaccinations on March 8, 2013 and his receipt of DTaP, HiB, and hepatitis B vaccinations on August 14, 2013 caused him to develop dystonia musculorum deformans. Pet. Preamble.

On June 26, 2015, the undersigned filed an Order reviewing J.R.'s medical records. The undersigned noted several problems with petitioner's case, including the fact that the onset of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

J.R.'s alleged condition appeared to have begun in May 2012, not March 2013 as petitioner claimed in her petition. The undersigned ordered petitioner to "consider whether it [was] reasonable to proceed with this case." Order at 2.

On December 1, 2016, petitioner filed an unopposed Motion for a Decision Dismissing Petition, explaining that after reviewing J.R.'s medical records, the neurologist petitioner's counsel had been consulting decided he would not be able to file an expert opinion regarding causation.

On December 1, 2016, the undersigned issued a Decision granting petitioner's Motion for a Decision Dismissing Petition and dismissed the case.

On January 23, 2017, petitioner filed an application for attorneys' fees and costs. Petitioner requests $31,632.50 in attorneys' fees and $2,985.68 in attorneys' costs, for a total request of $34,618.68. On February 9, 2017, respondent filed a response objecting to an award of attorneys' fees and costs due to lack of reasonable basis. Resp. at 2.

On July 14, 2017, the undersigned issued a decision denying petitioner's motion for attorneys' fees and costs based on lack of reasonable basis. On July 17, 2017, petitioner filed a motion for reconsideration of the undersigned's July 14, 2017 decision. On August 8, 2017, the undersigned issued an order denying petitioner's motion for reconsideration.

On August 14, 2017, petitioner filed a motion for review of the undersigned's decision which denied an award of attorneys' fees and costs. On December 18, 2017, Senior Judge Firestone granted petitioner's motion, vacated the undersigned's decision, and remanded this matter for further consideration consistent with the court's opinion.

On December 21, 2017, petitioner filed a supplemental application for attorneys' fees and expenses ("supplemental fees motion") and requested additional attorneys' fees and costs of $14,183.58. Doc. 57, at 2. The total amount of attorneys' fees and costs requested is now $48,801.76.

On January 3, 2018, respondent filed a response to petitioner's supplemental motion for attorneys' fees and costs, in which respondent argues that any supplemental fees would be statutorily barred because petitioner's claim lacked a reasonable basis. Reply at 2. However, respondent deferred to the undersigned's discretion to determine a reasonable award for attorneys' fees and costs. Id.

## DISCUSSION

I. **Legal Standard for Attorneys' Fees and Costs**

  A. **In General**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

## II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

Petitioner requests a total of $48,801.76, comprised of $45,126.50 for attorneys' fees and $3,675.26 for attorneys' costs, incurred by Van Cott & Talamante, PLLC. The undersigned finds the requested hourly rates for counsel and paralegals are reasonable. However, some billing entries are not compensable.

### 1. Reduction of Billable Hours

#### a. Clerical Tasks

Bedrock caselaw states that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as

3

normal overhead office costs included within the attorneys' fees rates"); Guerrero v. Sec'y of HHS, 124 Fed. Cl. 153, 156 (2015)(noting that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel's billing records contain multiple entries that are best characterized as administrative tasks, such as requesting, receiving and processing medical records, scheduling conferences, and reviewing invoices. For instance, one of petitioner's counsel Mr. Justin N. Redman billed 0.7 hours to obtain medical records on September 10, 2014. Doc 36-1, at 6. A paralegal billed 0.7 hours to obtain medical records from the same medical providers and 1.2 hours to receive those records. Id. at 17 (entries dated 9/10/2014; 9/17/2014; 9/29/2014; 10/1/2014; /10/2/2014; and 10/11/2014). Throughout the billing invoices, paralegals billed 0.1 to 0.3 hours to "reschedule conference," "receive, review, and process Court's Scheduling Order," and/or "receive and review Court's Order on Motion for Extension of Time" after reviewing a one-page or a non-PDF court order. Id. at 18-23 (entries dated 2/17/2015; 6/17/2015; 8/4/2015; 9/2/2015; 11/17/2015; 12/23/2015; 1/21/2016; 1/28/2016; 3/22/2016; 4/14/2016; 6/14/2016; 7/21/2016; 9/7/2016; 9/20/2016; 10/7/2016; 11/1/2016; 11/2/2016; and 11/4/2016). Beyond the fact that this is clerical work billed at paralegals' rates, the undersigned cannot imagine how it takes six to eighteen minutes to enter a date, or even three dates, on one's calendar. Moreover, the undersigned finds that counsel and paralegals billed 0.1 to 0.2 hours for reviewing court's notice of filing, notice of assignment, or court's minute entry following a status conference unreasonable. Id. at 11 (entries dated 6/2/2015; 6/17/2015; and 6/26/2015) and 18-23 (entries dated 6/2/2015; 6/16/2015; 8/3/2015; 9/2/2015; 1/28/2016; 4/14/2016; 7/20/2016; and 12/1/2016). Additionally, a paralegal billed 0.4 hours to review invoice and process payments to doctors. Id. at 22, 23 (entries dated 11/2/2016; and 11/4/2016). These types of entries are clerical in nature and do not constitute billable time. Accordingly such entries will be deducted from the fee award, amounting to a **reduction of $796.50.**

### b. Vague, Duplicative and Excessive Billing Entries

The undersigned has previously decreased an award of attorneys' fees for vagueness. Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable. Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8. Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella, 86

Fed. Cl. at 209.

While Mr. Redman billed 8.1 hours for reviewing attachments sent by petitioner, petitioner's paralegal Robert W. Cain billed 3.2 hours for reviewing emails and attachments received from petitioner without specifying what the attachments are. Doc 36-1, at 13-15 (entries dated 9/3/2014; 9/17/2014; 1/6/2015; 1/7/2015; 1/9/2015). Because these entries are not only vague but also duplicative, the undersigned finds these hours not compensable. The total amount of the **reduction equals $320.**

While Mr. Downing billed 4.1 hours for reviewing medical records received from petitioner and doctors, Mr. Redman billed a combined 27.7 hours[2] to "review and analyze" 962 pages of medical records, comprised of 19.6 hours for reviewing and analyzing medical records from doctors and 8.1 hours for reviewing and analyzing "attachments" received from petitioner. The undersigned finds Mr. Redman's 27.7 hours an excessive amount of time based on her experience of over 26 years in the Program. Because the undersigned assumes that Mr. Redman, being an associate, would have reviewed those medical records and made a summary of them for Mr. Downing, the undersigned recognizes 8 hours of Mr. Redman's time for reviewing the records and 3 hours for summarizing them. This adjustment results in a **deduction of $3,256.50.**

Moreover, the undersigned finds some billing entries provided in petitioner's supplemental fees motion filed on December 21, 2017 duplicative and excessive. For example, Mr. Downing billed 7.3 hours for drafting some parts of the 20-page motion for review and Ms. Van Cott billed 8.8 hours for drafting some other parts of it. Doc 57-1, at 1 (entries dated 8/10/2017; 8/11/2017; and 8/14/2017) and at 3-4 (entries dated 8/10/2017 and 8/11/2017). Mr. Downing billed 0.4 hours and Ms. Van Cott billed 0.5 hours for reviewing respondent's response. Id. at 1 (entry dated 9/13/2017) and at 4 (entry dated 9/13/2017). Mr. Downing billed 3.9 hours for drafting an 8-page reply to respondent's response and Ms. Van Cott billed 2.7 hours for her drafting work. Id. at 1 (entries dated 9/15/2017; 9/18/2017; and 9/19/2017) and at 4 (entry dated 9/18/2017). Mr. Downing billed 1.2 hours and Ms. Van Cott billed 1 hour for drafting additional authority. Id. at 2 (entry dated 10/18/2017) and at 4 (entry dated 9/21/2017). Both Mr. Downing and Ms. Van Cott billed 0.9 hours for attending the oral argument. Id. at 2 (entry dated 12/12/2017) and at 4 (entry dated 12/12/2017).

Based on her experience, the undersigned recognizes: Mr. Downing's 7.3 hours and Ms. Van Cott's 4.4 hours for drafting the motion for review; Mr. Downing's 0.4 hours for reviewing respondent's response; Mr. Downing's 3.9 hours for drafting a reply to respondent's response and Ms. Van Cott's 1 hour for drafting the same; Mr. Downing's 0.5 hours for drafting additional authority and Ms. Van Cott's 1 hour for her drafting work since she is the one who did the research; and 0.9 hours only to Mr. Downing for attending the oral argument

---

[2] Doc 36-1, at 6-10 (entries dated 9/12/2014; 9/22/2014; 10/1/2014; 10/3/2014; 10/6/2014; 10/15-17/2014; 1/5-6/2015; 1/8-9/2015; 1/12/2015; 1/21/2015; 2/18/2015; and 2/23/2015).

since he spoke and Ms. Van Cott did not. Accordingly, the total amount of the **deduction is $1,725.00.**

    **c. Block Billing**

The billing records contain numerous entries which constitute block billing, where Mr. Redman has billed for multiple tasks in a single entry. This type of "block billing" is not appropriate in vaccine cases. Barry v. Sec'y of HHS, No. 12-39V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine whether the amount requested is reasonable. Rodriguez v. Sec'y of HHS, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. Oct. 25, 2016). Because it is counsel's burden to document the fees claimed, the undersigned will not compensate the time billed for the entire billing entry. Id.

In many instances,[3] Mr. Redman billed large amounts of time without sufficient detail as to how long each task was performed and made it impossible for the undersigned to determine the reasonableness of those activities. For example, on December 31, 2014, Mr. Redman billed 1.5 hours for reading an e-mail from Mr. Downing; researching Florida SHOTS program; and drafting an e-mail to petitioner. Doc 36-1, at 8. On May 20, 2015, Mr. Redman billed 2.5 hours for reviewing an email from petitioner; calling petitioner; and revising petitioner's witness statement. Id. at 11. This adjustment results in a **further deduction of $1,501.50.**

Thus, the total amount of attorneys' fees for Van Cott & Talamante, PLLC is reduced by $7,599.50 and $37,527.00 is awarded. The undersigned finds the attorneys' costs reasonable. Therefore, the total amount paid for attorneys' fees and costs incurred by Van Cott & Talamante, PLLC is $41,202.26.

## CONCLUSION

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable. **Accordingly, the court awards $41,202.26**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Van Cott & Talamante, PLLC in the amount of **$41,202.26**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[3] Doc 36-1, at 8, 10-11 (entries dated 12/31/2014; 4/14/2015; 5/14/2015; 5/20/2015; 5/27/2015; and 6/26/2015).
[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated:  February 8, 2018                                        /s/ Laura D. Millman
                                                                                                  Laura D. Millman
                                                                                                     Special Master